UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELE BURNETT and STEVEN MARK BURNETT,

      Plaintiff,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and RLI INSURANCE COMPANY
      Defendants.
_____/

CASE NO.:

## **DEFENDANT, RLI INSURANCE COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant, RLI INSURANCE COMPANY (hereinafter referred to as "RLI") hereby removes to this Court the action filed against it in the Twelfth Judicial Circuit in and for Sarasota County, Florida, Civil Division, Case Number 2017-CA-002158. As grounds for removal of this action to the United States District Court for the Middle District of Florida, Tampa Division, Defendant, RLI, states as follows:

### **INTRODUCTION/FACTUAL BACKGROUND**

1. On or about May 2, 2017 Plaintiff filed this suit in the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida, Civil Division, styled, *Michelle Burnett and Steven Mark Burnett, Plaintiffs v. The Travelers Home and Marine Insurance Company and RLI Insurance Company, Defendants*, Case Number 17-CA-002158 (hereinafter referred to as the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant State Farm in the State Court Action are included with this filing and are attached as composite **Exhibit "A"**.

3. Defendant RLI first received notice of the State Court Action when it was served with Plaintiff's Complaint on June 9, 2017. *See* Service of Process, included with this filing. Plaintiff's initial pleading, as well as the summons, was received by Defendant RLI's designated Registered Agent via Electronic Delivery on that date. Consequently, this Notice is timely filed, as it is filed within thirty (30) days of June 16, 2017. Defendant RLI has not previously filed a Notice of Removal of this matter in this Court.

4. Plaintiff's Complaint alleges three counts against Defendants. First, a claim for underinsured motorist benefits under their own standard policy of insurance issued by Defendant TRAVELERS HOME AND MARINE INSURANCE COMPANY (hereinafter referred to as "Travelers") with limits of "$500,000 per person/$500,000 per accident, stacked." Compl. ¶ 12. Second, a claim for underinsured motorist benefits under their *umbrella* policy of insurance issued through Defendant RLI with limits of "$1,000,000 per accident." Compl. ¶ 20. Third, a claim for loss of consortium on behalf of Plaintiff Steven Mark Burnett.

5. Plaintiffs have attached copies of said policies of insurance to their Complaint as Exhibits "A" and "B," respectively, which are contained within composite **Exhibit "A"** attached hereto.

## GROUNDS FOR REMOVAL

6. Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action. As explained below, there is complete diversity between the parties and the amount in controversy exceeds $75,000. Thus, removal is proper pursuant to 28 U.S.C. § 1441.

## DIVERSITY OF CITIZENSHIP EXISTS

7. Diversity of citizenship exists when a suit is between citizens of a State and citizens of a foreign state. 28 U.S.C. § 1332 (a)(2).

8. There is complete diversity of citizenship between Plaintiff and Defendants:

    a. For the purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

    b. At all times material hereto, Plaintiff was and is a resident of the State of Florida. See Pl.'s Compl. at ¶2. Upon information and belief, Plaintiff was and is a citizen of the State of Florida at all times material to this cause.

    c. Defendant RLI Insurance Company is a foreign corporation that is incorporated in Illinois with its principal place of business in Peoria, Illinois. Accordingly, pursuant to 28 U.S.C. § 1332, Defendant is a citizen of Illinois. *See* Affidavit of Thomas McGinnis, included with this filing as **Exhibit "B."**

    d. Defendant Travelers Home and Marine Insurance Company is a foreign corporation that is incorporated in Connecticut with its principal place of business in Hartford, Connecticut. Accordingly, pursuant to 28 U.S.C. § 1332, Defendant Travelers Home and Marine Insurance Company is a citizen of

Connecticut. *See* Affidavit of Chip Hardwick, included with this filing as **Exhibit "C."**

9. Removal is proper in this case based on diversity jurisdiction. A District Court's diversity jurisdiction may be invoked where there is complete diversity between the parties at interest properly joined and served and where the matter in controversy exceeds $75,000.00. Both requirements are met in this case. As stated above, Defendants, RLI and Travelers, are not citizens of Florida so there is complete diversity with Plaintiff. Since complete diversity exists between all parties, removal is proper. 28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. As diversity of citizenship is met, the sole remaining issue is the amount in controversy. The Plaintiff's claim in this matter exceeds $75,000. In the Complaint, Plaintiff claims the damages are in excess of $15,000, Compl. ¶ 1, and otherwise does not demand a specific sum. Florida law permits recovery of damages in excess of $15,000. Although Plaintiff does not assert a specific dollar amount for damages, it is still apparent on the face of the Complaint that the amount in controversy exceeds $75,000, satisfying 28 U.S.C. § 1332(a).

11. Plaintiff asserts claims that the underlying tortfeasor, who is not a party to this action, is an underinsured motorist in that she carried liability insurance coverage with limits less than Plaintiff's total damages as a result of the accident. Compl. ¶¶ 14 and 22. Accordingly, Plaintiff has sought not only the primary uninsured motorist benefits from Travelers, but also the umbrella uninsured motorist benefits from RLI.

12. According to the umbrella policy of insurance issued by RLI, which Plaintiffs attached to their Complaint as Exhibit "B" and is contained within composite **Exhibit "A"** attached hereto, Plaintiffs must fully exhaust the primary underinsured motorist benefits provided by their Travelers policy in order to recover benefits from RLI.

13. The Uninsured/Underinsured portion of the RLI umbrella policy reads in pertinent part:

> "We will pay only in excess of the Uninsured/Underinsured Motorist Coverage required to be maintained under the Required Basic Policies as set forth in of Declarations."

14. Additionally, the Declarations page reads in pertinent part:

> **REQUIRED BASIC POLICIES**
> It is agreed by you that you and any Relative will be covered by an Automobile liability policy for any Automobile you operate or your Relative operates for at least the minimum limits listed below.

15. Accordingly, Part B of the Declarations page of the RLI umbrella policy requires the insured (in this case, Plaintiffs), to maintain uninsured/underinsured motorist benefits of at least $500,000 per person per occurrence. Plaintiffs apparently satisfied that requirement with a primary policy of insurance issued by Travelers. Please see composite **Exhibit "A"** attached hereto.

16. Pursuant to Travelers primary policy of insurance, attached to Plaintiffs' Complaint as Exhibit "A" and contained within composite **Exhibit "A"** attached hereto, it is apparent that Travelers has primary underinsured motorist benefits of $1,000,000 ($500,000 stacked) available to Plaintiffs as a result of the underlying accident.

17. Therefore, despite the absence of an explicitly stated amount in controversy, it can reasonably be determined that based upon Plaintiffs' own Complaint and exhibits,

along with common sense, the amount in controversy must be in excess of $1,000,000 in order for Plaintiffs' to pursue a claim for umbrella underinsured motorist benefits against Defendant RLI.

18. Thankfully, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.'" Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010) (internal citations omitted). "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id.

19. Additionally, an action which is not removable solely based upon the initial pleadings "may become removable on the basis of a copy of an amended pleading, motion, order, or other paper." Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. Section 1446(b)). In this case, Plaintiff's $1,000,000 policy limit demand dated November 30, 2016 and Civil Remedy Notice filed on March 23, 2017 constitutes "other paper," which provides the evidence that this case meets the jurisdictional threshold for the amount in controversy requirement. Please see Plaintiff's policy limit demand and correspondence enclosing Civil Remedy Notice attached hereto as composite **Exhibit "D"**[1] listing Plaintiff's damages in excess of $330,000; see also Mikesell v. FIA Card Services,

---

[1] Plaintiff's demand dated November 30, 2016 has been redacted in accordance with Federal Rule of Civil Procedure 5.2 as well as the Middle District of Florida's Policy on Sensitive Information in Case Files Accessible Through PACER. Should the Court require a full copy, Defendant would be happy to provide same for in camera inspection.

N.A., 2:12-CV-606-FTM-29, 2013 WL 1365739 (M.D. Fla. 2013) ("The settlement demand is sufficient to establish the amount in controversy as of the time of removal.").

20. Without conceding the allegations in the Complaint, based on this information, a reasonable reading of Plaintiff's Complaint shows that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## REMOVAL IS OTHERWISE PROPER

21. Under 28 U.S.C. § 1441(a), this case is properly removed to the United States District Court for the Middle District of Florida, Tampa Division because the Circuit Court of Sarasota County, Florida, where Plaintiff filed this matter, is within the Middle District of Florida, Tampa Division.

22. Defendant Travelers consents to this Notice of Removal. See Notice of Consent of Defendant Travelers attached as **Exhibit "E."**

23. Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of Filing this Notice of Removal is being promptly filed with the Clerk of Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, as required by 28 U.S.C. § 1446 (d). A copy of this Notice is attached hereto as **Exhibit "F."**

WHEREFORE, Defendant RLI Insurance Company requests that the action now pending against it in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Case No. 2017-CA-002158 be removed to the United States District Court for the Middle District of Florida, Tampa Division, and further request that this Court assume jurisdiction over this action as provided by law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I emailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participants:

>Eric Romano, Esq.
>Romano Law Group
>1005 Lake Avenue
>Lake Worth, FL 33460
>Telephone: 561-533-6700
>Facsimile: 561-533-1285
>Attorneys for Plaintiff

>*/s/ Garrett M. Brown*
>Roland A. Hermida, II, Esq.
>Florida Bar No.: 0044145
>Garrett M. Brown, Esq.
>Florida Bar No.: 0105765
>BANKER LOPEZ GASSLER, P.A.
>501 E. Kennedy Boulevard, Suite 1700
>Tampa, FL 33602
>Phone: (813) 221-1500
>Fax: (813) 222-3066
>Email: service-rhermida@bankerlopez.com
>Attorneys for Defendant, RLI